UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Monroe L. Coleman,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-1551 (ESH) |
| ) | |
| **Richard B. Ives,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner is a District of Columbia prisoner serving an aggregate prison sentence of 15 years to life for, *inter alia*, felony murder while armed. He is currently confined at the McCreary United States Penitentiary in Pine Knot, Kentucky. In this action for a writ of habeas corpus, petitioner, proceeding *pro se*, claims that he was denied the effective assistance of counsel at trial in the Superior Court of the District of Columbia and on direct appeal in the District of Columbia Court of Appeals. Since being sentenced in January 1986, petitioner has "filed numerous post conviction motions" under D.C. Code § 23-110, without success. (Mem. of P. & A. in Support of Writ of Habeas Corpus at 3.) He rightly asserts that § 23-110 is an inadequate remedy for addressing his appellate counsel claim, *see Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009), and, thus, seeks to have that claim heard here.

The United States moves to dismiss the instant petition on the grounds that (1) petitioner has not exhausted his local remedy as required by 28 U.S.C. § 2254, (2) the petition is time-barred under § 2244(d), and (3) the petition is successive. (United States' Mot. to Dismiss Pet'r's Pet. for Writ of Habeas Corpus ("Resp't's Mot.") at 1-2.) Petitioner moves to stay these

proceedings so that he can exhaust his local remedy by moving in the District of Columbia Court of Appeals to recall the mandate (Motion to Stay the Processing [Doc. # 10]) and, therefore, has conceded the United States' first ground for dismissal. In addition, the Court agrees that the petition is time-barred but disagrees that the petition is successive. Accordingly, the Court will grant the motion to dismiss based on petitioner's admitted failure to exhaust his local remedy and his untimely filing of this action, and it will deny petitioner's motion to stay these proceedings.

## I. SUCCESSIVE PETITIONS

Because a petitioner seeking to file a successive habeas petition must obtain an order from the appropriate circuit court "authorizing the district court to consider the application," 28 U.S.C. § 2244(b)(3)(A), this Court must first determine whether the instant petition is successive. Respondent states that while incarcerated in Kentucky, petitioner filed "a number of pleadings pursuant to 28 U.S.C. § 2254" in the United States District Court for the Eastern District of Kentucky. (Resp't's Mot. at 7.) That court, however, denied petitioner's § 2254 petition because he had not shown that his local remedy under D.C. Code § 23-110 was ineffective or inadequate to test the legality of his detention. (*Id*. & Ex. I [Doc. # 12-9].)

The restriction on filing a second or successive petition presupposes that the first petition was adjudicated on the merits. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain" a habeas petition where "it appears that the *legality of [the] detention has been determined* by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .") (emphasis supplied); *Green v. White*, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) ("The present petition is not a 'second or successive petition' because the earlier petition,

filed in 1993, was not adjudicated on the merits.") (citing *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1604-05 (2000)).  By dismissing petitioner's previous § 2254 petition for lack of jurisdiction, the Eastern District of Kentucky had no occasion to address the legality of petitioner's detention.  Therefore, the United States' motion to dismiss the instant petition as successive is denied.

## II.  TRIAL ERROR CLAIMS

The United States argues that this Court lacks jurisdiction over any claim based on trial error and trial counsel's performance.  (Resp't's Mot. at 20.)  Petitioner seems to acknowledge this to be the case.  However, to the extent that he is seeking review of claims arising from errors that occurred during his trial and trial counsel's performance, those claims are indeed foreclosed from federal court review by D.C. Code § 23-110 because petitioner has not demonstrated the inadequacy of that available remedy.  *See* D.C. Code § 23-110(a) (authorizing D.C. prisoners to move to vacate, set aside, or correct a sentence "imposed in violation of the [U.S.] Constitution or the laws of the District of Columbia"); *Williams*, 586 F. 3d at 998 ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."); *Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel.").

## III.  TIMELINESS

In *Williams*, the District of Columbia Circuit determined that D.C. Code § 23–110 does not bar a habeas petition challenging the effectiveness of appellate counsel "because the Superior Court lacks authority to entertain a section 23–110 motion challenging the effectiveness of appellate counsel."  *Id*., 586 F.3d at 999.  Thus, "D.C. prisoners who challenge the effectiveness

of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court," *id*. at 1000, under "the standard set forth in 28 U.S.C. § 2254." *Id*. at 1002; *see also Adams v. Middlebrooks*, No. 10-1945, — F. Supp. 2d —, 2011 WL 4089867, at *2 (D.D.C. Sept. 9, 2011) ("[T]he clear weight of authority [] finds that a prisoner 'in custody pursuant to a judgment of the D.C. Superior Court' must seek habeas review under 28 U.S.C. § 2254.") (citing cases).

A petition under § 2254 must be filed within one year of: a) the date a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"; (b) "the date on which the impediment to filing an application created by State action . . . is removed . . ."; (c) the date on which the Supreme Court recognized a new constitutional right and made it retroactive to cases on collateral review; or (d) the date "on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).  The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).  Furthermore, the limitations period is not jurisdictional and, thus, "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2560 (2010), namely, when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (citation and internal quotation marks omitted).

Given that petitioner's direct appeal and post-conviction remedies are long concluded, *see Coleman v. United States*, 486 U.S. 1013 (1988) (Table) (denying cert. petition on May 16, 1988); Resp't's Ex. F-4 [Doc. # 12-6] (docket showing D.C. Court of Appeals' mandate issued February 19, 1998, affirming the denial of collateral relief), and petitioner does not base his

petition on a newly recognized constitutional right or newly discovered evidence, section 2244(d)(1)(B) contains the only possible applicable date for resolving the timeliness question. *See Adams, supra*, at *3 (finding same). Assuming, then, that the *Williams* decision removed an impediment to this Court's habeas review of Superior Court judgments when it was finally decided on December 23, 2009 (*reh'g denied* ), petitioner had until December 24, 2010, to file his petition. The petition filed on August 25, 2011, is untimely, and petitioner – having stated no credible reason why he waited more than 23 years after his conviction became final to seek to recall the mandate in the D.C. Court of Appeals –  has provided no basis for equitable tolling. Hence, the Court will grant the United States' motion to dismiss the petition also on the ground that it is time-barred.

## CONCLUSION

For the foregoing reasons, the Court concludes that the habeas petition predicated on the ineffective assistance of appellate counsel is barred by the statute of limitations set forth in 28 U.S.C. § 2244 and by petitioner's failure to exhaust his local remedy by moving in the D.C. Court of Appeals to recall the mandate. In addition, the Court concludes that it lacks jurisdiction over any claims based on trial error and the ineffectiveness of trial counsel. Therefore, the Court will grant the United States' motion to dismiss this habeas action. A separate order accompanies this Memorandum Opinion.

                                                                                        /s/
                                                 ELLEN SEGAL HUVELLE
                                               United States District Judge

DATE: January 30, 2012